1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSEPH M. JAEGER, and
     EVELYN L. JAEGER,
11
                   Plaintiffs,                No. CIV S-05-0095 FCD KJM PS
12
             vs.
13
     PAMELA ROGERS, JOHN TAM,
14   and ANY AND ALL DOES,

15                 Defendants.                FINDINGS & RECOMMENDATIONS

16   _____/

17           Defendants' motion to dismiss is pending before the court.  The motion came on

18   for hearing on June 1, 2005, at which time G. Patrick Jennings appeared for defendants and

19   plaintiffs Joseph J. Jaeger and Evelyn L. Jaeger appeared pro se.  Following the hearing, the court

20   provided the parties an opportunity to submit supplemental briefing on the question of

21   exhaustion of administrative remedies.  Upon review of the documents in support and opposition,

22   including the supplemental briefing, and good cause appearing, THE COURT FINDS AS

23   FOLLOWS:

24   I.  Background

25           On or about June 17, 2002, the Internal Revenue Service (IRS) filed a notice of

26   federal tax lien against Mr. Jaeger with the County Recorder for San Joaquin County, California.

1   Am. Compl. ¶ 16.

2          On January 18, 2005, Joseph M. Jaeger and  Evelyn L. Jaeger, filed the instant civil

3   action against IRS employees Pamela Rogers and John Tam, and "any and all does," concerning the

4   filing of the above-described notice of federal tax lien.  See Complaint (original filed 1/18/05).

5          Following the filing of defendants' motion to dismiss, plaintiffs  filed an amended

6   complaint which is, but for a change in the amount of punitive damages requested, virtually identical

7   to the original complaint.  Plaintiffs contend the reason for filing the amended complaint was to

8   "include the word 'Bivens' in their Bivens action." Pls.' Answer In Opp'n To United States' Notice

9   And Mot. To Dismiss Am. Compl. (filed 5/16/05) (Opp'n) at 1.  In other words, plaintiffs contend

10  that their action is an action under Bivens v. Six Unknown Named Agents of the Federal Bureau of

11  Narcotics, 403 U.S. 388 (1971).  Id.

12         In their amended complaint, plaintiffs allege they were denied their  rights to equal

13  protection of the laws as well as their rights to due process and just compensation for the alleged

14  taking of their property.  Am. Compl. ¶ 7.  Plaintiffs further allege that "[d]efendants acted beyond

15  their delegation of authority and acted under the color of law by acting in concert to trespass on

16  private property with malicious intent under the color of law without judicial authority (due

17  process)." Id. ¶ 8.

18         They allege that the individual federal defendants filed a fraudulent notice of tax lien

19  with the San Joaquin County Recorder.  Id. ¶ 9.  Plaintiffs allege that the notice of federal tax lien

20  that was filed against Mr. Jaeger led to the "unlawful taking of Plaintiffs' private property" because

21  the tax lien clouded their name and title to their private property.  Id. ¶ 10.

22  /////

23  /////

24  /////

25  /////

26  /////

2

For their "FIRST CAUSE" of action, plaintiffs allege that:

Plaintiffs' Fourth Amendment right to be free from unreasonable seizure was violated when the federal actors did not charge the proper authorities within the IRS to acquire the proper authorization to seize private property with probable cause and a judicial determination (due process), then inform and coordinate their activities within the law, and thus, Defendants acted with malice to commit fraud and conspiracy to commit fraud, on behalf of the federal government without judicial consent, outside of their jurisdiction, and carried out by persons other than statutorily created officers with delegated authority.

Id. ¶ 20.

For their "SECOND CAUSE" of action, plaintiffs allege that their

Fourth Amendment right to be secure in their house, papers, and effects from unreasonable or violent unprovoked seizures was violated by each and every Defendants' actions at the time of the illegal taking of Plaintiffs' private property either directly or indirectly.

Id. ¶ 21.

For their "THIRD CAUSE" of action, plaintiffs allege that:

Plaintiffs' Fifth and Fourteenth Amendment rights to due process were violated by Defendants who either physically or assisted in this seizure of Plaintiffs' private property and Plaintiffs' *[sic]* will prove such as Plaintiffs proceed through discovery. Defendants used a false filing for the purpose of committing fraud and conspiracy to commit fraud, without due process, having knowledge of such wrong doings, conspired therefore to, and had the power to prevent such acts, for which each Defendant is liable for all damages thereby incurred.

Id. ¶22.

For their "FOURTH CAUSE" of action, plaintiffs allege that their

...natural rights to 'life, liberty and the pursuit of happiness" were violated by Defendants filing said 'Notice of Federal Tax Lien' which clouded the title to said Plaintiffs' real property which further resulted in Plaintiffs' being restrained from any sale or refinance of said real property.

Id. ¶23.

/////

1          In addition to clouding the title to their "private property," plaintiffs allege that the

2 filing of the notice of federal tax lien in question resulted in their losing the equity in their "private

3 property" in the amount of $23,034.66.  Id. ¶ 24(a).

4          Plaintiffs assert that the individual defendants in the present case as well as "Any and

5 All Does" were not authorized to seize property within the State of California.  Id. ¶ 26.

6          In addition to their claim for compensatory damages in the amount of $23,034.66

7 under 42 U.S.C. § 1983, plaintiffs also seek punitive damages in the amount of $69,103.98.  Id. at

8 11.

9          In order to determine whether plaintiffs have a cause of action under 26 U.S.C.

10 section 7433, the Court allowed plaintiffs to submit documents pertaining to exhaustion of

11 administrative remedies.  See Order filed June 1, 2005; 26 U.S.C. § 7433(d)(1).  In response to this

12 opportunity, plaintiffs assert they "filed an administrative action with the Secretary" on March 29,

13 2005.  Pls.' Answer to Court's Order (filed 6/8/05) at 3, ¶ 6.  Thus, plaintiffs' purported

14 administrative claim was not filed until after the initiation of this lawsuit on January 18, 2005.

15          In the document they identify as their administrative claim and in their response to

16 the court's order, plaintiffs  complain that the Secretary of the Treasury has not properly delegated

17 authority to the Commissioner of the IRS to administer or enforce taxes, that the IRS does not have

18 lawful authority or jurisdiction within the fifty states, and that the IRS is not an agency of the United

19 States.

20 II.  Analysis

21    A.  Section 1983

22          The amended complaint fails to state a claim upon which relief can be granted under

23 42 U.S.C. section 1983.  Although the complaint attempts to set forth a claim under section 1983,

24 section 1983 is inapplicable here because the defendant IRS employees acted under color of federal

25 law by allegedly filing the notice of tax lien.  See 26 U.S.C. § 6323.

26

1    Section 1983 provides a cause of action for damages against "[e]very person" who,

2    acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or

3    Territory or the District of Columbia," deprives another person of his or her constitutional or

4    statutory rights.  42 U.S.C. § 1983.  "The statute simply provides a means through which a

5    claimant may seek a remedy in federal court for a constitutional tort when one is aggrieved by the

6    act of a person acting under color of state law." Jones v. United States, 16 F.3d 979, 981 (8th Cir.

7    1994).  See also Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982) (section 1983 "prohibits

8    interference with federal rights under color of state law").

9    Section 1983 does not provide a remedy for violations by federal officials acting

10   solely under color of federal law, or waive the sovereign immunity of the United States with respect

11   to such claims.[1] District of Columbia v. Carter, 409 U.S. 418, 424-25 (1973); Billings v. United

12   States, 57 F.3d 797, 801 (9th Cir. 1995); Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir.

13   1987).

14   Because the state action required for a section 1983 claim has not been alleged in the

15   complaint, plaintiffs' action does not state a section 1983 claim upon which relief can be granted.

16   B.  Bivens

17   Plaintiffs also fail to state a claim upon which relief may be granted under Bivens v.

18   Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Where

19   Congress has created specific remedies under a "comprehensive scheme," Bivens actions are barred.

20   Adams v. Johnson, 355 F.3d 1179, 1185 (9th Cir. 2004).

21   Plaintiffs allege that defendants violated their Fourth, Fifth and Fourteenth

22   Amendment rights by filing the notice of federal tax lien with the San Joaquin County Recorder.

23   Am. Compl. at 6-7.  The notice of federal tax lien is a part of the IRS's efforts to collect delinquent

24

25   [1] Although the alleged fraudulent lien filing was submitted to the San Joaquin County Recorder, Am. Compl. 9(a), the County Recorder's filing was a ministerial act, at the behest of the named federal defendants.

26

1  federal tax liabilities.  See 26 U.S.C. §§ 6301, 6321, 6322, 6223; United States v. Rodgers, 461 U.S.

2  677, 681-82 & n. 2 (1983).

3          A Bivens action is foreclosed here because Congress has provided alternatives to such

4  suits for damages against federal actors as part of a comprehensive statutory scheme to resolve tax-

5  related disputes.  Adams, 355 F.3d at 1185, 1188 (no Bivens remedy available for alleged

6  constitutional violations in the assessment and collection of taxes); Wages v. Internal Revenue

7  Service, 915 F.2d 1230, 1235 (9th Cir. 1990) ("...we have never recognized a constitutional violation

8  arising from the collection of taxes."); see also Vennes v. An Unknown Number of Unidentified

9  Agents of the United States, 26 F.3d 1448, 1454 (8th Cir. 1994) (taxpayer cannot bring Bivens action

10  against IRS agents to challenge tax collection and assessment practices).[2]

11          C.  Section 7433

12          Plaintiffs also fail to state a claim under 26 U.S.C. § 7433.[3]  The action complained

13  of in plaintiffs' amended complaint is the purported filing of a "fraudulent" notice of federal tax lien.

14  According to plaintiffs' amended complaint these actions occurred in June of 2002.  Am. Compl.

15  ¶¶ 14, 15, 16.  In providing information to the court regarding their efforts to exhaust administrative

16  remedies, plaintiffs say they "filed an administrative action with the Secretary," on March 29, 2005.

17

18          [2]  In any case, the original complaint filed January 18, 2005, as well as the amended complaint filed April 8, 2005, allege only one action as being unconstitutional - - the filing of the Notice of Federal Tax Lien in June 2002.  In California, all Bivens actions in which the cause of action arose prior to January 1, 2003, a one year statute of limitations applies. Cal.Code Civ.

19

20  Proc. § 340(3); see generally Rodriguez v. Superior Court of Los Angeles County, 133 Cal. Reptr. 2d 294 (April 29, 2003).  Thus, any claim under Bivens would be barred by the applicable statute of limitations.

21

22          [3]  Section 7433 provides, in part:

23              If, in connection with any collection of Federal tax with respect to
24              a taxpayer, any officer or employee of the Internal Revenue Service
                recklessly or intentionally, or by reason of negligence disregards
25              any provision of this title, or any regulation promulgated under this
                title, such taxpayer may bring a civil action for damages against the
26              United States in a district court of the United States. . . .

1   Pls.' Answer to Court's Order (filed 6/8/05) at 3, ¶ 6.  Therefore, plaintiffs cannot possibly have

2   fulfilled section 7433's requirement that administrative remedies be exhausted, 26 U.S.C.

3   § 7433(d)(1), because their purported administrative claim was filed after they initiated this action.

4          Furthermore, if plaintiffs had satisfied the exhaustion requirement, any suit under

5   section 7433 is barred by the statute of limitations.  Section 7433(d)(3) provides that an action under

6   that section may be brought only within two years after the date the right of action accrues.  Here the

7   actions complained of occurred in June 2002.  This action was not filed until approximately two and

8   a half years later, in January 2005.

9          D.  Lack of Authority

10         Plaintiffs also complain that the Secretary of the Treasury has not properly delegated

11  authority to the Commissioner of the IRS to administer or enforce taxes, that the IRS does not have

12  lawful authority or jurisdiction within the fifty states, and that the IRS is not an agency of the United

13  States.

14         The delegation of authority to the IRS is clear and straightforward.  In In re Becraft,

15  885 F.2d 547 (9th Cir. 1989),  the Ninth Circuit Court of Appeals stated, "[f]or over 75 years, the

16  Supreme Court and the lower federal courts have both implicitly and explicitly recognized the

17  Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States

18  citizens residing in the United States and thus the validity of the federal income tax laws as applied

19  to such citizens." Id. at 548 (citing Brushaber v. Union Pacific Railroad Co., 240 U.S. 1, 12-19, 36

20  S. Ct. 236, 239-42 (1916)); United States v. Ward, 833 F.2d 1538, 1539 (11th Cir. 1987); Lovell v.

21  United States, 755 F.2d 517, 519 (7th Cir. 1984); Parker v. Commissioner, 117 F.3d 785 (5th Cir.

22  1997); United States v. Romero, 640 F.2d 1014, 1016-17 (9th Cir. 1981).

23         The Sixteenth Amendment of the United States Constitution gave the United States

24  Congress the power to lay and collect taxes.  Congress delegated this authority and responsibility to

25  the Secretary of the Treasury at 26 U.S.C. section 6301.  The Secretary of the Treasury in turn

26

delegated authority to administer the tax laws and collect taxes to the Commissioner of Internal Revenue.  26 U.S.C. § 7803(a)(2).

In sum, even construing plaintiffs' pro se pleadings liberally as required, plaintiffs fail to state a cause of action as a matter of law.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Defendants' motion to dismiss be granted; and

2.  This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  July 1, 2005.


_____
UNITED STATES MAGISTRATE JUDGE